UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REBECCA KOVEN,                                   Case No.

                Plaintiff,           **COMPLAINT**

   -against-

BRINK'S GLOBAL SERVICES USA INC.

                Defendant.
------------------------------------------------------------X

Plaintiff Rebecca Koven ("Koven") by and through her attorneys, Rosner Nocera & Ragone, LLP, as and for her Complaint against defendant Brink's Global Services USA, Inc. ("Brinks") alleges upon information and belief as follows:

## INTRODUCTION

1. This is an action for breach of a contract of carriage, bailment and duties of defendant Brinks for damage to hand crafted jewelry (the "Jewelry") accepted by Brinks from Koven in good condition and which was damaged while in transit or otherwise while in the care, custody, and control of Brinks.

## THE PARTIES

2. At all times hereinafter mentioned, plaintiff Koven was and still is a resident of the state of New York residing at 1025 5th Avenue, Apartment 2FS, New York, New York 10028.

3. Upon information and belief, at all times hereinafter mentioned, Defendant Brinks was and still is a foreign corporation, duly authorized to do business

in the State of New York, maintaining its principal place of business at 1801 Bayberry Court, P.O. Box 18100, Richmond, Virginia 23226 .

4. Brinks maintains offices in the State of New York located at 580 Fifth Avenue, Suite 400, New York, New York 10036.

5. Brinks, among other things, specializes in, the worldwide transport, handling, and security of jewelry.

## JURISDICTION

6. The United States District Court for the Southern District of New York has jurisdiction pursuant to 28 U.S.C. Section 1332 based upon diversity of citizenship since the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST BRINKS

7. Plaintiff repeats, reiterates and realleges, each and every allegation contained in paragraphs "1" through "6", inclusive of this complaint with the same force and effect as though fully set forth at length herein.

8. In reliance upon Brinks' expertise in the handling and shipment of jewelry, on or about January 29, 2019, Koven entered into an agreement with Brinks (Air Bill Number 11020631892) to store and then transport the Jewelry, which was then in good condition, from Miami, Florida to West Palm Beach, Florida.

9. Pursuant to its agreement with Brinks, the shipping fees paid by Koven to Brinks for services included $150,000.00 in valuation.

10. Pursuant to the Show Outbound Pickup Manifest accepted by Brinks, Koven declared a value for the Jewelry in the sum of $150,000.00.

11. Pursuant to the Show Outbound Pickup Manifest, "In the event that any of the Property [the Jewelry] included in the Shipment is damaged during the period in which Brink's is responsible, Brinks will pay You [Koven] the lesser of the cost to repair the Property [the Jewelry] or the reduction in actual monetary value caused by the damage. . . . Under no circumstance will Brink's Liability for loss of or damage to Property [the Jewelry] exceed the lesser of the Declared Value [$150,000.00] or the actual monetary value of the Property [the Jewelry] as of the date of loss".

12. Between January 29, 2019 and February 12, 2019, due to the negligence, carelessness, recklessness, and gross negligence of defendant Brinks and or its employees, agents and/or its representatives, the Jewelry sustained severe damage.

13. As a result of the foregoing, the Jewelry sustained severe damage exceeding the amount of $150,000.00.

14. By reason of the foregoing, defendant Brinks is indebted to plaintiff Koven in the sum of $150,000.00, the declared value of the Jewelry, as a result of the damage to the Jewelry, plus accrued interest thereon from January 29, 2019.

WHEREFORE, plaintiff Rebecca Koven demands judgment against defendant Brink's Global Services USA, Inc. in the sum of $150,000.00, accrued interest thereon from January 29, 2019, the costs, expenses, and attorneys fees of this action, and for such other and further relief as this court may deem just and proper.

Dated: New York, New York
October 30, 2019

ROSNER NOCERA & RAGONE, LLP

By: _____
Eliot L. Greenberg
Attorney Bar Code: EG8210
Attorneys for Plaintiff
61 Broadway, Suite 1900
New York, New York 10006
(212) 635-2244

eb:KOVEN.COMPLAINT
10/19